Our final case of the day is United States v. Bridges. Good morning and may it please the court, Chad Pennington on behalf of the appellant, Mr. Donta Bridges. Rule 12 serves an important policy consideration, but it is not a finicky procedural requirement. And in this case, the application of the rule was exactly that, a finicky procedural requirement. When Mr. Bridges attempted to move for suppression in October of 2022, the pre-trial deadline regarding suppression… Isn't it an abuse of discretion for the district court to enforce its pre-trial deadline, which had been exceeded by more than two years? Your Honor, I think it's an abuse of discretion in this case because compliance with the original deadline was factually impossible. The warrant wasn't disclosed by the government. Then you ask for an extension of the deadline. You don't just ignore it and file a motion two years later. Your Honor, I think trial counsel attempted to do that. The day that the warrant itself was disclosed, which was October 27, 2021, trial counsel moved for a trial continuance. He moved for a subsequent trial continuance to assess the government's notice of Rule 404B evidence. So there's attempts here, Your Honor, to address the question of when the suppression issue can be raised. But compliance with the original discovery order, that was simply factually impossible. Trial counsel couldn't have been expected to move for suppression without the raw materials, without the warrant themselves. There was no change of counsel here during the course of the time, was there? No, Your Honor. There was total continuity of counsel from the birth of the case through trial and through sentencing. But the tardiness here, the untimeliness, if we can call it that, it does stem originally from the government's late disclosure. They don't provide the actual warrant until October 27, 2021. That's almost two years after the indictment is filed. Trial counsel gets the warrant. He moves for a continuance. Subsequently, the government notices the 404B information. And then to assess that notice, he moves for a second time after the warrant had been disclosed. And then he moves for a continuance one further time. And that's after the superseding indictment is filed. The government's changing, to some degree, the parameters of the case. They're disclosing the warrant for the first time almost two years after the case begins. They're noticing materials rather late. And then at this point, there is a superseding indictment. Then the superseding indictment is filed. There's a continuance filed. And then we get close to trial, and he attempts to move for suppression. And when he attempts to move for suppression, he says that the warrant was stale and that reliance on the warrant was not in good faith. There's two bases for suppression. He does indicate in the original suppression request that the object of the search here was the home. And so at that point, the district court orders briefing on timeliness. And the district court concludes that he was not timely. But, Your Honor, to go to the original question, isn't it abusive discretion to enforce pretrial deadlines? Generally, it's no. But in this case, there is no deadline being enforced. Compliance with the original deadline, that's impossible. The government doesn't produce the warrant that's being contested until almost two years after the case begins. So the question becomes, what exactly is the deadline that the district court is trying to enforce here? It says that disclosure is in October of 2020. Did your client deny receiving an inventory of the search? Your Honor, there's no record of that before the district court. No. I asked if your client denied receiving an inventory. The answer is either yes or no. The answer, to my knowledge, is no, Your Honor. Is no. Okay. I think the question becomes, can that be imputed to Mr. Bridges? It's one thing to have knowledge of the inventory. It's one thing to have knowledge of the search. I'm not suggesting that Mr. Bridges wasn't aware that his home was searched. You have knowledge of the search. You've received an inventory. At least there's no denial. What's to prevent making a motion to suppress? I think to ask trial counsel, Your Honor, to move to suppress the fruits of a warrant without having the warrant itself, that's impossible. He doesn't know what that means. I don't remotely understand why it is impossible. The inventory says what's been taken. And if there was something taken that the client didn't want in evidence, you move to suppress. And then everything else you gather as part of the process leading up to a hearing. Your Honor, what you don't have, that's the objects of the search, certainly, what was taken. But what you don't have is a supporting affidavit, and that's where the proffer of probable cause is. That's where the government cites a justification to engage in the search. In this case, we know that there was an informant. But until trial counsel can look at that warrant and look at that affidavit justifying the warrant, there's no way trial counsel can ascertain whether it's an attackable warrant or not. You have to know exactly what it is, is the basis of the search itself. So in this case, the district court's enforcing a pretrial deadline that is factually impossible to comply with. So, again, the question becomes, is it an abuse of discretion to enforce an arbitrary deadline? The government was under an obligation to notice its 404B evidence four days in advance of the original final pretrial conference. It didn't do so. It notices it for the first time, I believe, in January of 2022. So arguably the parties are gearing up for trial, but it's only the district court enforcing some deadline against Mr. Bridges. But the original pretrial motion deadline, which I believe was January 13th of 2020, there's no way Mr. Bridges can comply with that. It's just factually impossible. And at the time he's requesting to move for suppression, in October of 2022, the government still hadn't indicated the basis of the admission of text messages from the cell phone. Mr. Bridges doesn't know exactly the theory by which the government's doing it. You don't have to do that until trial. It sounds like you're now arguing that motions to suppress can be raised mid-trial because until the trial, the government hasn't introduced its evidence. And that can't be right. That is not right, Your Honor. No. I think what I'm trying to say, Your Honor, is that at this point, there really aren't concrete deadlines being enforced. There was. There was an express deadline. It was there. You can't make it go away by wishing. You have to argue that enforcing the deadline was an abuse of discretion. Arguing that there wasn't any deadline gets you nowhere. Your Honor, I think the abuse of discretion is the deadline can't be complied with if the district court's imposing a deadline saying you must raise all pretrial motions by January 13th of 2020. And counsel doesn't have the warrant to attack it. There's no way to comply with that. That delay is related to the government's late disclosure. The government doesn't give the warrant. I think we've been through this. If you think the deadline is premature, you file a motion to alter the deadline. You don't ignore it. Your Honor, I think it would have been impossible for trial counsel to have sought to amend that deadline without the warrant itself. He doesn't know I'm going to file a motion to suppress against a warrant. But he doesn't have the warrant. He may have had an inventory, but he doesn't have the warrant itself. And if possible, I'd like to reserve the remainder of time for rebuttal. Thank you. Mr. Heller. Good afternoon, Your Honors, and may it please the Court. The district court did not abuse its discretion in declining to review Bridges' motion to suppress. The arguments Bridges now raises in support of his delay were never presented to the district court. And regardless, they do not show that the district court was required to excuse this delay. The defendant could have filed a motion to suppress in January of 2020. He could also have concluded that because he didn't have certain facts that he later discovered, he needed more time to acquire them, to go to the county court, or to go to the government and ask them for a copy of the warrant. He did none of those things. And as the district court observed, the real concern that the court had is that it was abundantly clear to the court that the defendant had all the facts available at his disposal in October of 2021 that he needed to file the motion and waited until October of 2022. I wanted to ask you about that. You know, since the district court, as both parties knew, set the pre-trial motions deadline in January 2020, why did the government not turn over the affidavit and the warrant, produce it, you know, until October 2021? So that's not in the record, Your Honor. I believe that's when we were asked to produce it. We did not have it, and we obtained it from the state court, which is presumably the same way that the defendant could have also obtained it. And so you're certainly not saying that that made it – how did turning it over in October 2021 make it possible for Bridges to comply with the January 2020 deadline? I'm not saying that that made it possible to comply with the January 2020 deadline. Well, you just told us he could have filed a motion to suppress in January 2020. So the defendant could have filed – what a motion in January of 2020 would have said is, all the facts that I have before me suggest that the government has no evidence that any criminal activity occurred after November 1st. My warrant wasn't served until November 8th. There's a delay. That's basically what his ultimate motion said, except it confirmed that those facts were true. So he could have filed that motion. He could have filed a motion in January of 2020 and said, I need more information. I would like this deadline to be extended. Frankly, what he also could have done is filed a motion in October of 2021 and said, I just now got this affidavit from the government, and now that's my good cause. The government failed to turn this over, and I would now like to file a belated motion. And if the question were before the court, I'm glad I'm not standing in front of the court on those facts, because there would be some argument, I suppose better argument than the one here, that it would be an abuse of discretion. But he had all the facts, and this is what the district court said. I mean, you're reviewing the district court's decision. The district court said you had all the facts before you in October of 2021. And so the question is not, would there have been good cause in October of 2021? The question is, is there good cause now in October of 2022 when there have been three more continuances than have been granted and where we're now 18 days before trial at the time that he first filed the motion without offering any explanation as to why he was late. And by the time the district court ruled six days before, so we would probably need another continuance, an 11th continuance. Mr. Holler, I apologize, I should know the answer to this question. Does the record reveal among the 10 adjournments, how many were court motivated, defense motivated, government motivated, and how many occurred after October of 2021? So after October of 2021, I believe there was one filed in October of 2021, and then there were two more, I believe, after that, all at the defense initiation. I believe of the 10 continuances, one was a government motion because a witness was unavailable, and I believe the other nine were all defense motions. I don't think any were on the court's own motion. Thank you very much. Ultimately, this is a discretionary question. Could the district court have granted the motion? Sure. The court, I suppose, could have decided that there was good cause. But this is a discretionary call. The argument that the defendant made in the district court was rejected, and new defense counsel is not even raising that argument on appeal. So the court, I think, would have to find that the district court abused its discretion in deciding not to grant the motion based on an argument that wasn't even before it. And none of the arguments that the defendant raises rise to that level. So for all those reasons, the reality is Bridges could have filed at least a year before October 2022. Accepting the belated filing would have required an 11th continuance. The district court is the manager of its own deadlines, and the court was allowed to make the decision that it made here. For all these reasons, we would ask that the judgment be affirmed. Thank you. Thank you, counsel. Anything further, Mr. Pennington? Judge Brennan, to your question, exactly. There was three. Once the warrant was disclosed, Mr. Bridges' trial counsel moved for continuance that day, October 27th of 2021. And in the request for the continuance, he asked for any relief that would be just and proper flowing from the request to move the trial setting. He then sought a subsequent continuance after the government noticed 404B evidence, and he sought the final third continuance after the disclosure after the government filed the superseding indictment. So you have a bit of a shifting parameter with the case, and trial counsel is then seeking continuances to make the proper adjustments. We get 18 days before the trial, and he seeks to raise the suppression issue. I don't think the record establishes definitively that an 11th continuance was going to be necessary. The court was also litigating the Rule 404B admission question, and that was evidence derived from the search. It was part of the search. It was the proceeds of the cell phone. Those issues could have been decided in tandem. Was the district court required to do that? No, but I think it's strong indicia of its abuse of discretion. The facts are Mr. Bridges could not have moved for suppression until October 27th, 2021, reasonably. It would have been very difficult to move for suppression without the warrant itself, without the proffer of probable cause and the government's justification. That's when the analysis should start. Was it an abuse of discretion to deny Mr. Bridges an opportunity to raise the suppression, which is probably going to be his principal defense in this case, that is very common in controlled substances prosecutions, effectively one year after receiving the information, when the government also has waited nine months to file its notice? The abuse of discretion, Your Honor, is the shifting enforcement. It's the district court's rather cavalier enforcement of the pretrial deadlines to the government's benefits, and it's the harsh rejection of Mr. Bridges' ability to bring a suppression motion. This probably was going to be his principal defense, and he didn't get an opportunity to bring it. The government extracts evidence from the cell phone, and they're able to admit it in a Rule 404B, and they have to get a prompting from the district court to explain the basis for admission. The district court asked them in January of 2022, what's the basis by which you want to admit this evidence? They give a status report, but they don't explain it, and then nine months later, the district court's response says, how are you going to get this evidence admitted? Basically unsolicited prompting. That's the basis of the abuse of discretion. It's the shifting and selective enforcement. For those reasons, we would ask that this court remand for consideration of the suppression issue to the district court. Thank you. Thank you very much. The case is taken under advisement, and the court will be in recess.